**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE GOFRON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PICSEL TECHNOLOGIES, INC., et al.,<br><br>        Defendants.<br>_____/ | No. C 09-04041 CW<br><br>ORDER CONCERNING PLAINTIFFS' AFFIDAVIT IN SUPPORT OF REQUEST FOR ORDER PERMITTING SERVICE ON SECRETARY OF STATE |

Plaintiffs Carrie Gofron, et al., have represented that they intend to serve Defendant Picsel Technologies, Inc. (PTI) pursuant to California Corporations Code section 1702(a). This section permits service on a corporation through the California Secretary of State if "an agent for the purpose of service of process has resigned and has not been replaced." Cal. Corp. Code § 1702(a). For parties to avail themselves of this section, they must first obtain a court order authorizing such service, which will issue only if it is established, through an affidavit, "that process against a domestic corporation cannot be served with reasonable diligence" under several enumerated sections of the California Code of Civil Procedure. In this case, Plaintiffs need only make a

showing that they attempted service pursuant to California Code of Civil Procedure sections 416.10(a) and (b); the other sections listed in section 1702(a) either do not apply or have already been addressed by Plaintiffs.

Pursuant to the Court's Order of October 29, 2010, Plaintiffs filed a timely affidavit. Their affidavit establishes that they attempted service, as provided under section 416.10(a), on the person designated as agent for service of process before he resigned. However, their affidavit does not address section 416.10(b), which provides that service on a corporation can be effected by "delivering a copy of the summons and the complaint . . . [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Although PTI may have "closed its doors for business," PTI remains an active California corporation. Affidavit ¶ 2. The affidavit does not establish that these officers cannot be served with reasonable diligence.

Accordingly, Plaintiffs' request for an order permitting service on PTI through the California Secretary of State is DENIED without prejudice. Within four days of the date of this Order, Plaintiffs shall file an affidavit that establishes that PTI cannot be served with reasonable diligence under California Civil Code section 416.10(b). In the alternative, they may decline to effect service pursuant to California Corporations Code section 1702(a)

2

and attempt to serve PTI in another fashion, so long as they serve PTI by December 13, 2010, the deadline provided in the Court's October 12, 2010 Order.

IT IS SO ORDERED.

Dated: November 19, 2010

_____
CLAUDIA WILKEN
United States District Judge