IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARRIE GOFRON, et al.,

    Plaintiffs,

  v.

PICSEL TECHNOLOGIES, INC., et al.,

    Defendants.

                                /

No. C 09-04041 CW

ORDER GRANTING PLAINTIFFS' LEAVE TO FILE SECOND AMENDED COMPLAINT
(Docket No. 43)

    Plaintiffs Carrie Gofron, et al., move for leave to amend their first amended complaint (1AC).  Defendants Masood Jabbar and Imran Khand oppose Plaintiffs' motion.[1]  The motion was taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Plaintiffs leave to file a second amended complaint.

BACKGROUND

I.  Factual Allegations and Plaintiffs' Claims

    The following allegations are contained in Plaintiffs' 1AC.  Defendant Picsel Technologies, Inc. (PTI) is a California corporation.  Defendants Masood Jabbar and Imran Khand, who were respectively PTI's chairman of the board and PTI's president, induced Plaintiffs to accept employment with PTI.  PTI failed to compensate Plaintiffs for pay and benefits to which they were

---

[1] Plaintiffs did not file a reply to Defendants' opposition.

entitled.

Plaintiffs plead claims for wage-and-hour violations under California, Illinois and federal law, along with common law claims for breach of contract, fraud, misrepresentation and unjust enrichment.

II. Procedural History

Plaintiffs filed their action on August 31, 2009. Since then, most of the litigation has concerned effecting service on Defendants. On December 31, 2009, Plaintiffs moved to extend the time for service on Defendants, asserting difficulty in locating them. Plaintiffs then asserted that PTI, although an active corporation registered with the California Secretary of State, "had closed its physical office locations in the United States." Docket No. 7 ¶ 2. On January 6, 2010, the Magistrate Judge to whom this case was first assigned granted Plaintiffs' motion and afforded Plaintiffs an additional sixty days to serve Defendants.

On April 9, 2010, Plaintiffs filed their second motion to extend time. In support of that motion, Plaintiffs stated that they had faced difficulty related to the insolvency of PTI's parent company, which they represented to be Picsel Technologies Limited (PTL). Plaintiffs claimed that PTL had commenced administration proceedings in the United Kingdom, which apparently are analogous to bankruptcy proceedings in the United States. Plaintiffs also represented that they had received information regarding PTI's registered agent for service of process, whom they could serve within sixty days if granted leave to do so. Plaintiffs' motion was granted, and they were afforded an additional sixty days to serve Defendants.

2

On May 14, 2010, Plaintiffs filed their 1AC, which named Hamsard Limited and Lescip T Limited as additional Defendants. According to the complaint, Hamsard purchased PTL and, thereafter, changed PTL's name to Lescip T Limited.

On July 8, 2010, Defendants Jabbar and Khand made their first appearances in this action. They declined to proceed before the Magistrate Judge and, thereafter, the case was reassigned to this Court. Defendants Jabbar and Khand answered on August 3, 2010.

On July 23, 2010, Lescip T Limited made its first appearance in this action, seeking, pursuant to stipulation, an extension of time to respond to Plaintiffs' complaint. Lescip T Limited was ordered to respond by August 17, 2010. No response was filed.

On September 1, 2010, Plaintiffs filed their third motion to extend time for service. They asserted that they were not able to serve PTI's registered agent for service, who had apparently resigned, and that they had not yet initiated overseas service of process on Hamsard, which they represented to be based in Guernsey. On October 12, 2010, the Court granted Plaintiffs' third motion to extend time, affording them an additional sixty days to serve PTI and Hamsard.

In their current motion, Plaintiffs seek leave to amend their complaint to add Picsel Holdings Limited and Picsel Group Holdings Limited as Defendants and to omit Defendant Lescip T Limited. Plaintiffs did not lodge a proposed second amended complaint, nor did they explain the relevance of the two proposed Defendants to this action.

In their opposition, Jabbar and Khand provide some insight into the relationship between PTI and the existing and proposed

3

Defendants.  They maintain that PTI's parent company was Picsel (Holdings) Limited, which Hamsard acquired through the administration proceedings noted above.  Thereafter, Jabbar and Khand maintain, Hamsard changed its name to Picsel Holdings Limited,[2] see Molen Decl., Ex. A, which is owned by Picsel Group Holdings Limited.  To support their assertions, however, Jabbar and Khand offer only a letter their counsel sent to Plaintiffs, which explained the foregoing.  Aside from a photocopy of a certificate purportedly showing Hamsard's name change, they do not offer any evidence to support their counsel's representations.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Courts consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint.  Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Based on their description of the entities' relationships, Jabbar and Khand maintain that the addition of Picsel Holdings Limited and Picsel Group Holdings Limited would cause undue delay, reflect Plaintiffs' bad faith, would be futile and would result in prejudice.  None of these arguments is availing.

Amendment will not cause undue delay.  Jabbar and Khand have already answered Plaintiffs' complaint and the litigation, as to

---

[2] Apparently, the lack of parentheses is the only distinction between Hamsard's current name and that of the entity it acquired.

4

them, shall proceed.  Notably, they have knowledge about PTI and the allegedly related entities, which could prove useful in resolving Plaintiffs' claims.  Because amendment should not cause them delay, Jabbar and Khand do not demonstrate that they will suffer unfair prejudice.

Jabbar and Khand also contend that Plaintiffs have not investigated whether Picsel Holdings Limited and Picsel Group Holdings Limited are properly named Defendants.  They claim that this reflects a default in Plaintiffs' attorneys' Rule 11(b) duty to investigate and, relatedly, Plaintiffs' bad faith.  They also maintain that amendment would be futile because the proposed Defendants cannot be held liable for any claim asserted in this action.  However, these arguments are premised on their counsel's representations, most of which are, as noted above, not supported by admissible evidence.  Without such evidence, the Court cannot take them as true.  If Jabbar and Khand believe that Rule 11 sanctions against Plaintiffs' attorneys' are appropriate, they may so move.  However, they have not established Plaintiffs' bad faith or the futility of amendment.

Accordingly, the Court grants Plaintiffs leave to file a second amended complaint to add Picsel Holdings Limited and Picsel Group Holdings Limited as Defendants and to omit Defendant Lescip T Limited.  Plaintiffs have spent over a year attempting to effect service on the existing entity Defendants and, under Rule 4(m), they will have 120 days from the date that their amended pleading is filed to serve Picsel Holdings Limited and Picsel Group Holdings Limited, which appear to be foreign entities.  It is not apparent that the presence of these entity Defendants is required to

adjudicate Plaintiffs' claims against Jabbar and Khand.  Thus, Plaintiffs shall continue to prosecute diligently their case against those Defendants.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint.  (Docket No. 43.) Plaintiffs' amended complaint may add Picsel Holdings Limited and Picsel Group Holdings Limited as Defendants and omit Lescip T Limited.  The Court understands Plaintiffs' motion to include a notice of voluntary dismissal of their claims as to Defendant Lescip T Limited.  See Fed. R. Civ. P. 41(a)(1)(A)(i).  Thus, Plaintiffs' claims against this Defendant are dismissed, and the Clerk shall terminate Lescip T Limited from the docket as a Defendant in this action.

Plaintiffs shall file their second amended complaint within seven days of the date of this Order.  They shall serve it as soon as possible, but not later than 120 days from the date it is filed.

Plaintiffs' deadline to serve PTI and Hamsard is December 13, 2010.  By no later than December 16, 2010, Plaintiffs shall file a declaration, along with any documentary evidence, concerning their service on these Defendants.  As the Court warned in its Order of October 12, 2010, Plaintiffs' failure to serve PTI and Hamsard by December 13 will result in the dismissal without prejudice of their claims against these Defendants.

IT IS SO ORDERED.

Dated: 12/8/2010

CLAUDIA WILKEN
United States District Judge

6