1   RICARDO P. CESTERO (SBN 203230)
    RCestero@GreenbergGlusker.com
2   JAMES R. MOLEN (SBN 260269)
    JMolen@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
5   Telephone: 310.553.3610
    Fax:  310.553.0687
6
7   Attorneys for Masood Jabbar and Imran Khand

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11  CARRIE GOFRON, J. WILLIAM            Case No.  C09-04041-CW
    VANKE, ASHWINI KUMAR,                *Assigned To:  Hon. Claudia Wilken*
12  MATTHEW MIXON, AND DULCE
    GONZALEZ,                            **NOTICE OF MOTION AND MOTION
13                                       OF DEFENDANTS IMRAN KHAND
              Plaintiffs,                AND MASOOD JABBAR FOR PARTIAL
14                                       SUMMARY JUDGMENT ON COUNTS
         v.                              I, III, IV, V, VI AND VII OF THE
15                                       SECOND AMENDED COMPLAINT;
                                         MOTION TO DISMISS REMAINING
16  PICSEL TECHNOLOGIES, INC.,           PENDENT STATE LAW CLAIMS;
    PICSEL HOLDINGS LIMITED              MEMORANDUM OF POINTS AND
17  (formerly HAMSARD LIMITED),          AUTHORITIES**
    PICSEL GROUP HOLDINGS
18  LIMITED, MASOOD JABBAR AND           [Declarations of James R. Molen, Imran
    IMRAN KHAND,                         Khand and Masood Jabbar and Exhibits A-
19                                       J; (Proposed) Order; and (Proposed)
              Defendants.                Judgment concurrently filed]
20
                                         Date:  June 2, 2011
21                                       Time:  2:00 p.m.
                                         Dept./Place:  Courtroom 2
22
23  ─────────────────────────────       Complaint Filed:  August 31, 2009
                                         Trial Date:  September 26, 2011
    MASOOD JABBAR AND IMRAN
24  KHAND,

25            Counterclaimants,

26       v.

27  J. WILLIAM VANKE,

28            Counterdefendant.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2

3  PLEASE TAKE NOTICE that on June 2, 2011 at 2:00 p.m. or as soon thereafter as

4  the matter may be heard in Courtroom 2 of the above-entitled Court, located at 1301 Clay

5  Street, Oakland, CA 94612, defendants Imran Khand and Masood Jabbar (collectively, the

6  "Individual Defendants") will appear and move the Court to enter summary judgment as

7  against Counts I, III, IV, V, VI and VII of the Second Amended Complaint ("SAC") and

8  to dismiss the remaining pendent state law claims in the SAC.

9  The Individual Defendants make their motion for summary judgment pursuant to

10  Rule 56 of the Federal Rules of Civil Procedure on the grounds that (1) plaintiffs J.

11  William Vanke ("Vanke"), Ashwini Kumar ("Kumar"), Carrie Gofron ("Gofron"),

12  Matthew Mixon ("Mixon"), and Dulce Gonzalez ("Gonzalez") (collectively "Plaintiffs")

13  are exempt employees under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) and

14  the California Labor Code; (2) the Individual Defendants were not the employer(s) of

15  Gofron, Mixon or Gonzalez under the Fair Labor Standards Act; and (3) the Individual

16  Defendants were not Gonzalez's employer(s) under the California Labor Code.

17  The Individual Defendants further move to dismiss Plaintiffs' remaining pendent

18  state law claims pursuant to 28 U.S.C. § 1367(c)(3) on the grounds that there is

19  incomplete diversity of citizenship in this case and Plaintiffs' claims under the FLSA

20  (Count I) are the sole basis for federal jurisdiction. If the Court agrees that summary

21  judgment should be entered as against Count I, the Court should dismiss all of Plaintiffs'

22  remaining pendent state law claims as well.

23  //

24  //

25  //

26  //

27  //

28  //

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   This Motion is based upon this Notice, the attached Memorandum of Points and

2   Authorities, the Second Amended Complaint, the separately filed Declarations of James

3   R. Molen, Imran Khand and Masood Jabbar and Exhibits A-J thereto, and all records and

4   pleadings as may be presented at or before the hearing on this motion.

5

6   DATED:  April 28, 2011                    GREENBERG GLUSKER FIELDS
                                              CLAMAN & MACHTINGER LLP

7

8                                            By:   /s/  James R. Molen

9                                                JAMES R. MOLEN (SBN 260269)
                                                 Attorneys for Defendants
10                                               Masood Jabbar and Imran Khand

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. SUMMARY OF UNDISPUTED FACTS ..............................................................2

    A. Vanke's Employment with PTI .................................................................3

    B. Kumar's Employment with PTI .................................................................4

    C. Gofron's Employment with PTI .................................................................4

    D. Mixon's Employment with PTI .................................................................5

    E. Gonzalez's Employment with PTI .............................................................6

III. ARGUMENT ........................................................................................................7

    A. Legal Standard ...........................................................................................7

    B. The Undisputed Facts Demonstrate That Plaintiffs Are Exempt Under The FLSA; Accordingly, Summary Judgment Should Be Granted With Respect To Count I ..................................................7

        1. Vanke is Exempt Under the FLSA as a Highly Compensated Executive Employee ....................................................10

        2. Kumar is Exempt Under the FLSA as a Highly Compensated Executive Employee ....................................................10

        3. Gofron is Exempt Under the FLSA as a Bona Fide Professional Employee .......................................................................11

        4. Mixon is Exempt Under the FLSA as a Bona Fide Professional Employee .......................................................................12

        5. Gonzalez is Exempt Under the FLSA as a Bona Fide Administrative Employee ..................................................................12

    C. The Undisputed Facts Demonstrate That Gonzalez Is Exempt Under IWC Wage Order No. 4-2001 As A "Person Employed In An Administrative Capacity"; Accordingly, Summary Judgment Should Be Granted With Respect To Counts III-V ...................................................13

    D. Because Gonzalez Is Exempt Under IWC Order No. 4-2001, Summary Judgment Should Also Be Granted With Respect To Count VI .............................................................................................................16

    E. Gonzalez Lacks Standing Under The California Private Attorneys General Act (Count VII).............................................................................16

    F. The Individual Defendants Were Not The Employer(s) Of Gofron, Mixon Or Gonzalez .................................................................................17

        1. The Individual Defendants Were Not the Employer(s) of Gofron, Mixon or Gonzalez under the FLSA....................................18

        2. The Individual Defendants Were Not Gonzalez's Employer(s) under California Law .......................................................19

    G. The Court Should Dismiss Plaintiffs' Remaining Pendent State Law Claims .......................................................................................................20

IV. CONCLUSION.....................................................................................................22

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amalgamated Transit Union v. Sup. Crt.*, 46 Cal.4th 993 (2009)...........................17

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..........................................7

*Asea, Inc. v. So. Pac. Transportation Co.*, 669 F.2d 1242 (9th Cir. 1982)...............3

*Auer v. Robbins*, 519 U.S. 452 (1997) .................................................................8

*Boykin v. Boeing Co.*, 128 F.3d 1279 (9th Cir. 1997) ............................................8

*Cavanaugh v. So. Cal. Permanente Medical Group, Inc.*, 583 F.Supp.2d 1109 (C.D. Cal. 2008) .................................................................................................................8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .....................................................7

*Conlon v. U.S.*, 474 F.3d 616 (9th Cir. 2007) ......................................................7

*Cook v. Allstate Ins. Co.*, 337 F.Supp.2d 1206 (C.D. Cal. 2004) ..........................3

*Hale v. State of Ariz.*, 967 F.2d 1356 (9th Cir. 1992) ..........................................18

*Klem v. County of Santa Clara*, 208 F.3d 1085 (9th Cir. 2000) .............................8

*Martinez v. Combs*, 49 Cal.4th 35 (2010) .........................................................19

*Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986) ..................................................18

*Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785 (1999)...............................13

*Religious Technology Center v. Wollersheim*, 971 F.2d 364 (9th Cir. 1992)...............21

*Reynolds v. Bement*, 36 Cal.4th 1075 (2005) .....................................................20

*U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987) ...............................................7

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ..........................21


**Statutes, Rules and Regulations**

28 U.S.C. § 1367.............................................................................................2, 21

29 CFR § 541.100............................................................................................9

29 CFR § 541.200............................................................................................9

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES
### (continued)

Page

29 CFR § 541.201 ........................................................................10

29 C.F.R. § 541.203 ....................................................................10

29 CFR § 541.300 ..........................................................................9

29 CFR § 541.400 ..........................................................................9

29 CFR § 541.600 ..................................................................8, 10, 11, 12

29 CFR § 541.601 ...................................................................9, 10, 11

29 CFR § 541.602 ...............................................................8, 10, 11, 12

29 CFR § 541.700 ..........................................................................8

29 U.S.C. § 206 ...........................................................................18

29 U.S.C. § 207 ..........................................................................18

29 U.S.C. § 213 .......................................................................7, 13

Cal. Admin. Code tit. 8, § 11040 (IWC Wage Order No. 4-2001) .................14, 15, 19

Cal. Labor Code § 226 .................................................................16

Cal. Labor Code § 226.7 ...............................................................13

Cal. Labor Code § 515 .................................................................15

Cal. Labor Code § 1173 ...............................................................13

Cal. Labor Code § 1174 ...............................................................16

Cal. Labor Code § 1185 ...............................................................13

Cal. Labor Code § 2699 ...............................................................17

Fed.R.Civ.Proc. Rule 6 ..................................................................3

Fed.R.Civ.Proc. Rule 36 .................................................................3

Fed.R.Civ.Proc. Rule 56 .................................................................7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of a dispute regarding the alleged employment of plaintiffs J. William Vanke ("Vanke"), Ashwini Kumar ("Kumar"),Carrie Gofron ("Gofron"), Matthew Mixon ("Mixon"), and Dulce Gonzalez ("Gonzalez") (collectively "Plaintiffs") by defendant Picsel Technologies, Inc. ("PTI"). *See* Second Amended Complaint ("SAC"), ¶ 1. Plaintiffs allege that they performed services for PTI for which they were not compensated. The entirety of the SAC arises out of this factual contention. *Id.*

The SAC names three entities as defendants: PTI, Picsel Holdings Limited (formerly Hamsard Limited) and Picsel Group Holdings Limited. In addition, the SAC names two individuals as defendants: Masood Jabbar and Imran Khand (collectively the "Individual Defendants"). The SAC contains a laundry list of statutory and common law claims, each of which arise out of Plaintiffs' core allegations that they were not compensated for services they performed for PTI. This motion for partial summary judgment is brought by the Individual Defendants with respect Plaintiffs' claims under the Fair Labor Standards Act (the "FLSA") and the California Labor Code, namely:

- Count I (on behalf of all Plaintiffs): Failure to Pay Minimum Wages and Overtime in Violation of the Fair Labor Standards Act (the "FLSA");
- Count III (on behalf of Gonzalez): Violations of California Minimum Wage Statute;
- Count IV (on behalf of Gonzalez): Violations of California Overtime Laws;
- Count V (on behalf of Gonzalez): Violations of California Rest and Meal Period Provisions;
- Count VI (on behalf of Gonzalez): Violations of California Wage Statement Provisions; and
- Count VII (on behalf of Gonzalez): Violations of the California Labor Code Private Attorney General Act.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

49089-00002/1772097.8

1    The undisputed facts demonstrate that Plaintiffs were employed by PTI as bona

2    fide executive, administrative, and/or professional employees under both the FLSA and

3    the California Labor Code.  Plaintiffs are therefore exempt under these statutes and the

4    provisions relied on in Counts I, III, IV, V, and VI are inapplicable as a matter of law.

5    Furthermore, because there has been no violation of the California Labor Code, Gonzalez

6    has no standing to bring a claim under the Private Attorneys General Act (Count VII).

7        Beyond the foregoing, the undisputed facts also demonstrate that neither of the

8    Individual Defendants was the "employer" of Gofron, Gonzalez or Mixon, as that term is

9    defined under the FLSA and the California Labor Code.  This constitutes a separate and

10   independent basis for summary judgment.  That is, even if Gofron, Mixon and/or

11   Gonzalez are not exempt employees under the FLSA and California Labor Code (and they

12   are), the Individual Defendants still could not be personally liable for their claims as a

13   matter of law because there was no employment relationship as between these parties.

14   Accordingly, summary judgment should be entered for the Individual Defendants on

15   Counts I, III, IV, V and VI for this independent and alternative reason.

16       There is incomplete diversity of citizenship in this case and Plaintiffs' claims under

17   the FLSA (Count I) are the sole basis for federal jurisdiction.  Therefore, assuming

18   summary judgment is granted as against these claims, the Court should dismiss the

19   remaining pendent state law claims as there will no longer be a basis for federal court

20   jurisdiction.  28 U.S.C. § 1367(c)(3).

21

22   **II.    SUMMARY OF UNDISPUTED FACTS**

23       On January 19, 2011, counsel for the Individual Defendants served discovery

24   requests on Plaintiffs by mail, including, *inter alia,* Requests for Admission from Khand

25   to Gofron (Set One), Requests for Admission from Khand to Mixon (Set One), Requests

26   for Admission from Khand to Gonzalez (Set One), Requests for Admission from Khand to

27   Vanke, and Requests for Admission from Khand to Kumar (Set One) (collectively, the

28   "RFAs").  Declaration of James R. Molen, ¶ 2.  True and correct copies of the RFAs are

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT;  MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   attached, respectively, as Exhibits A-E to the concurrently filed supporting Declaration of

2   James R. Molen ("Molen Decl."). *Id.*, ¶¶ 3-7. Under the Federal Rules of Civil

3   Procedure, Plaintiffs had until February 21, 2011 to respond to the RFAs. *Id.*, ¶ 8;

4   Fed.R.Civ.Proc. 6(d) and 36(a)(3). Plaintiffs did not respond to the RFAs by February 21,

5   2011, or at all. *Id.*, ¶ 9.

6          Therefore, Plaintiffs have admitted all matters contained in the RFAs and these

7   matters are conclusively established. *See* Fed.R.Civ.Proc. 36(a)(3) and (b); *See also Asea,*

8   *Inc. v. So. Pac. Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982) ("It is undisputed

9   that failure to answer or object to a proper request for admission is itself an admission: the

10  Rule itself so states."). "No motion to establish the admissions is needed because Rule 36

11  is self-executing." *Cook v. Allstate Ins. Co.*, 337 F.Supp.2d 1206, 1209-1210 (C.D. Cal.

12  2004) ("Failure to timely respond to requests for admissions results in automatic

13  admission of the matters requested.").

14

15     **A.     Vanke's Employment with PTI**

16          Vanke was employed by PTI as its Head of U.S. Operations from on or about

17  April 16, 2007 to on or about April 30, 2009. SAC, ¶ 4; Requests for Admission from

18  Khand to Vanke, Set One ("Vanke RFAs"), Nos. 5, 59; Molen Decl., ¶ 10, Exh. F

19  ("Vanke Service Agreement") at § 2.1; Declaration of Imran Khand ("Khand Decl."), ¶ 6.

20          While employed by PTI, Vanke's base salary was $250,000 per year. Vanke

21  RFAs, No. 1; Vanke Service Agreement at § 7.1. Vanke's base salary was not dependent

22  on the number of days or hours he worked, nor was it subject to reduction based on the

23  quality of his work. Vanke RFAs, Nos. 2, 4; Vanke Service Agreement at §§ 2.2, 7.1.

24  Vanke's compensation was payable on a bi-weekly basis. Vanke RFAs, No. 3; Vanke

25  Service Agreement at § 7.1.

26          As the head of PTI's U.S. Operations, Vanke was the executive in charge of

27  overseeing and managing all of PTI's day-to-day business operations within the United

28  States. Vanke RFAs, No. 19-21; Khand Decl., ¶ 6; Vanke Service Agreement at § 2.1.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### B.   Kumar's Employment with PTI

Kumar was employed by PTI as its Vice President of Network Operator Sales from on or about February 11, 2007 to on or about January 31, 2009.  SAC, ¶ 5; Requests for Admission from Khand to Kumar, Set One ("Kumar RFAs"), Nos. 5, 26; Molen Decl., ¶ 11, Exh. G ("Kumar Service Agreement") at § 2.1; Khand Decl., ¶ 7.

While employed by PTI, Kumar's base salary was $225,000 per year.  Kumar RFAs, No. 1; Kumar Service Agreement at § 7.1.  Kumar's base salary was not dependent on the number of days or hours he worked, nor was it subject to reduction based on the quality of his work.  Kumar RFAs, Nos. 2, 4; Kumar Service Agreement at §§ 2.4, 7.1.  Kumar's compensation was payable on a bi-weekly basis.  Kumar RFAs, No. 3; Kumar Service Agreement at § 7.1.

As PTI's Vice President of Network Operating Sales, Kumar was the executive in charge of overseeing and managing PTI's entire network operating sales division, which was a customarily recognized subdivision of PTI.  Kumar RFAs, No. 19-21; Khand Decl., ¶ 7; Kumar Service Agreement at § 2.1.

### C.   Gofron's Employment with PTI

Gofron was employed by PTI as a Sales Engineer from on or about July 2, 2007 to on or about April 30, 2009.  SAC, ¶¶ 1, 3; Requests for Admission from Khand to Gofron, Set One ("Gofron RFAs"), Nos. 5, 55; Molen Decl., ¶ 12, Exh. H ("Gofron Employment Agreement") at ¶ 3.

While employed by PTI, Gofron's base salary was $85,000 per year.  Gofron RFAs, No. 1; Gofron Employment Agreement at ¶ 4(a).  Gofron's base salary was not dependent on the number of days or hours she worked, nor was it subject to reduction based on the quality of her work.  Gofron RFAs, Nos. 2, 4; Gofron Employment Agreement at ¶ 4(b).  Gofron's compensation was payable on a bi-weekly basis.  Gofron RFAs, No. 3; Molen Decl., ¶ 13, Exh. I at ¶ 3.

As a Sales Engineer, Gofron's primary duties required advanced knowledge of

software engineering and consisted of the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software and system functional specifications.  Gofron RFAs, Nos. 21-23; Khand Decl., ¶ 8.

The Individual Defendants did not exercise any control over Gofron, her salary, her work schedule, or her payroll.  Gofron RFAs, Nos. 24-35; Khand Decl., ¶ 2; Declaration of Masood Jabbar ("Jabbar Decl."), ¶ 2. The Individual Defendants did not supervise Gofron, they did not review Gofron's work, and they did not make any recommendations regarding her salary or promotion.  Gofron RFAs, Nos. 39-49; Khand Decl., ¶ 2; Jabbar Decl., ¶ 2.  Neither of the Individual Defendants was Gofron's employer.  Gofron RFAs, Nos. 50-51.

### D.    Mixon's Employment with PTI

Mixon was employed by PTI as a Senior Software Engineer from on or about January 21, 2008 to on or about April 30, 2009.  SAC, ¶ 6; Requests for Admission from Khand to Mixon, Set One ("Mixon RFAs"), Nos. 5, 55; Molen Decl., ¶ 14, Exh. J ("Mixon Employment Agreement") at ¶ 3.

While employed by PTI, Mixon's base salary was $115,000 per year.  Mixon RFAs, No. 1; Mixon Employment Agreement at ¶ 4(a).  Mixon's base salary was not dependent on the number of days or hours he worked, nor was it subject to reduction based on the quality of his work.  Mixon RFAs, Nos. 2, 4; Mixon Employment Agreement at ¶ 4(b).  Mixon's compensation was payable on a bi-weekly basis.  Mixon RFAs, No. 3.

As a Senior Software Engineer, Mixon's primary duties required advanced knowledge of software engineering and consisted of the design, development, documentation, analysis, creation, testing, and modification of computer programs.  Mixon RFAs, Nos. 20-24; Khand Decl., ¶ 9.

The Individual Defendants did not exercise any control over Mixon, his salary, his work schedule, or his payroll.  Mixon RFAs, Nos. 25-36; Khand Decl., ¶ 3; Jabbar Decl., ¶ 3. The Individual Defendants did not supervise Mixon, they did not review Mixon's

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT;  MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    work, and they did not make any recommendations regarding his salary or promotion.

2    Mixon RFAs, Nos. 40-50; Khand Decl., ¶ 3; Jabbar Decl., ¶ 3.  Neither of the Individual

3    Defendants was Mixon's employer.  Mixon RFAs, Nos. 51-52.

4

5    **E.    Gonzalez's Employment with PTI**

6         Gonzalez was employed by PTI as an Administrative Assistant from on or about

7    September 5, 2006 to on or about April 15, 2009.  SAC, ¶ 7; Requests for Admission from

8    Khand to Gonzalez, Set One ("Gonzalez RFAs"), No. 5.

9         While employed by PTI, Gonzalez's base salary was $52,000 per year.  Gonzalez

10   RFAs, No. 1; Khand Decl., ¶ 10.  Gonzalez's base salary was not dependent on the

11   number of days or hours she worked, nor was it subject to reduction based on the quality

12   of her work.  Gonzalez RFAs, Nos. 2, 4.  Gonzalez's compensation was payable on a bi-

13   weekly basis.  Gonzalez RFAs, No. 3.

14        As an Administrative Assistant, Gonzalez's primary duty was to provide

15   administrative assistance for Vanke, who, as the head of PTI's U.S. operations, was a

16   senior executive of PTI.  Gonzalez RFAs, Nos. 6, 23, 26, 38, 41; Vanke RFAs, Nos. 19-

17   21; Khand Decl., ¶ 10.  Gonzalez's work consisted mainly of functional activities,

18   including accounting, budgeting, auditing, insurance, and database administration.

19   Gonzalez RFAs, No. 8; Khand Decl., ¶ 10.  During Gonzalez' employment with PTI,

20   Vanke delegated authority to her regarding matters of significance, including the

21   formulation of management policies and operating procedures.  Gonzalez RFAs, Nos. 11-

22   14; Khand Decl., ¶ 10.  Gonzalez regularly exercised discretion and independent judgment

23   in carrying out the primary duties of her employment.  Gonzalez RFAs, No. 11.

24        The Individual Defendants did not exercise any control over Gonzalez, her salary,

25   her work schedule, or her payroll.  Gonzalez RFAs, Nos. 21-32; Khand Decl., ¶ 4; Jabbar

26   Decl., ¶ 4.  The Individual Defendants did not supervise Gonzalez, they did not review

27   Gonzalez's work, and they did not make any recommendations regarding her salary or

28   promotion.  Gonzalez RFAs, Nos. 36- 46; Khand Decl., ¶ 4; Jabbar Decl., ¶ 4.  Neither of

1    the Individual Defendants was Gonzalez's employer.  Gonzalez RFAs, Nos. 47-48.

2

3    **III.    ARGUMENT**

4

5        **A.    Legal Standard**

6        Summary judgment is appropriate where, as here, the pleadings, the discovery and

7    disclosure materials on file, and any affidavits show "that there is no genuine dispute as to

8    any material fact and the movant is entitled to judgment as a matter of law."  FRCP 56(a);

9    *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  For purposes of summary judgment,

10   matters contained in unanswered requests for admissions constitute uncontroverted facts.

11   *See Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for

12   admissions may be relied on as the basis for granting summary judgment.");  *See also U.S.*

13   *v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987) ("Admissions made under Rule 36,

14   even default admissions, can serve as the factual predicate for summary judgment.").

15       It is not enough for a party opposing summary judgment to "rest on mere

16   allegations or denials of his pleadings."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

17   259 (1986).  Instead, the nonmoving party must go beyond the pleadings to designate

18   specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 325.

19   The "mere existence of a scintilla of evidence" in support of the nonmoving party's claim

20   is insufficient to defeat summary judgment.  *Anderson*, 477 U.S. at 252.

21

22       **B.    The Undisputed Facts Demonstrate That Plaintiffs Are Exempt Under**

23              **The FLSA; Accordingly, Summary Judgment Should Be Granted With**

24              **Respect To Count I.**

25       The FLSA provides that "[t]he provisions of section 206 [minimum wage] and

26   section 207 [overtime] of this title shall not apply with respect to-- any employee

27   employed in a bona fide executive, administrative, or professional capacity."  29 U.S.C.

28   § 213(a)(1) (emphasis added).  That is, employees who work in a "bona fide executive,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

7

administrative, or professional capacity" are excluded from the FLSA's minimum wage and overtime requirements. *Id.; See also Cavanaugh v. So. Cal. Permanente Medical Group, Inc.*, 583 F.Supp.2d 1109, 1132 (C.D. Cal. 2008). As the Ninth Circuit explained in *Boykin v. Boeing Co.*, 128 F.3d 1279, 1281 (9th Cir. 1997), "The Act does not define 'executive, administrative, or professional;' rather, it grants the Secretary of Labor broad authority to 'define and delimit' these terms." *Id.* (citing *Auer v. Robbins,* 519 U.S. 452, 456 (1997)). "Under the Secretary's rules, three tests must be satisfied for an employee to be considered an exempt executive, professional, or administrative employee": (1) The "salary basis" test; (2) the "salary level" test; and (3) the "duties" test. *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089-90 (9th Cir. 2000) (citing 29 CFR §§ 541.1, *et seq.*)

The Salary Basis Test: This test considers the way in which the employee is compensated. An employee is paid on a "salary basis" if he or she receives, on a weekly or less frequent basis, "a predetermined amount" of compensation that is "not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602(a).

The Salary Level Test: This test turns on the amount of compensation payable to the employee. Under current regulations, the "salary level" test is satisfied where an employee's compensation is at least $455 per week (i.e., <u>$23,600 per year</u>), exclusive of board, lodging or other facilities. 29 CFR § 541.600(a).

The Duties Test: This test looks at the employee's "primary duty," which is defined as the principal, main, major or most important duty that the employee performs, "with the major emphasis on the character of the employee's job as a whole." 29 CFR § 541.700(a).

*Executive Employees:* "Bona fide executive" employees are employees who satisfy the Salary Basis and Salary Level tests, and (1) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (2) who customarily and regularly direct the work of two or more other employees; and (3) who have the authority to hire or fire other employees or whose

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

8

49089-00002/1772097.8

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   suggestions and recommendations as to the hiring, firing, advancement, promotion or any

2   other change of status of other employees are given particular weight. 29 CFR § 541.100.

3   "Highly compensated employees" who perform <u>at least one</u> of the duties of a bona fide

4   executive employee are also exempt. *Id.*, § 541.601. Under current regulations, an

5   employee is a "highly compensated employee" if he or she earns more than $100,000 per

6   year. *Id.*

7       *Professional Employees:* "Bona fide professional" employees include employees

8   who satisfy the Salary Basis and Salary Level tests, and whose primary duty is

9   performance of work requiring knowledge of an advanced type in a field of science or

10  learning customarily acquired by a prolonged course of specialized intellectual

11  instruction. 29 CFR § 541.300. In particular, "computer employees," including software

12  engineers, are exempt as "professional" employees. *Id.*, § 541.400(a). A computer

13  employee is one whose primary duty consists of either: "(1) The application of systems

14  analysis techniques and procedures, including consulting with users, to determine

15  hardware, software or system functional specifications; (2) The design, development,

16  documentation, analysis, creation, testing or modification of computer systems or

17  programs, including prototypes, based on and related to user or system design

18  specifications; (3) The design, documentation, testing, creation or modification of

19  computer programs related to machine operating systems; <u>or</u> (4) A combination of the

20  aforementioned duties, the performance of which requires the same level of skills." *Id.*, §

21  541.400(b) (emphasis added).

22      *Administrative Employees:* "Bona fide administrative" employees are employees

23  who satisfy the Salary Basis and Salary Level tests, and (1) whose primary duty is

24  performance of office or nonmanual work directly related to the management or general

25  business operations of the employer or the employer's customers; and (2) whose primary

26  duty includes the exercise of discretion and independent judgment with respect to matters

27  of significance. 29 CFR § 541.200. Work "directly related to the management or general

28  business operations" includes work in functional areas such as accounting, budgeting,

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

1  auditing, insurance, database administration, and similar activities. *Id.*, § 541.201(b).

2  "An executive assistant or administrative assistant to a business owner or senior executive

3  of a large business generally meets the duties requirements for the administrative

4  exemption if such employee, without specific instructions or prescribed procedures, has

5  been delegated authority regarding matters of significance." *Id.*, § 541.203(d).

6      1.   Vanke is Exempt Under the FLSA as a Highly Compensated

7           Executive Employee.

8      Vanke's base salary while employed with PTI was $250,000 per year. Vanke

9  RFAs, No. 1; Vanke Service Agreement at § 7.1. His compensation was payable on a bi-

10 weekly basis and was not dependent on the number of days or hours he worked, nor was it

11 subject to reduction based on the quality of his work. Vanke RFAs, Nos. 2-4; Vanke

12 Service Agreement at §§ 2.2, 7.1. Accordingly, Vanke's employment satisfies both the

13 Salary Basis and the Salary Level tests. 29 CFR §§ 541.600(a), 541.602(a).

14     Vanke's employment also satisfies the Duties Test because he was, at the very

15 least, a highly compensated executive employee. Vanke's yearly salary of $250,000 far

16 exceeds the minimum salary level of $100,000 set forth in 29 CFR § 541.601. As the

17 head of PTI's U.S. business operations, Vanke's primary duty was the management of

18 PTI's enterprise. Vanke RFAs, No. 19-21; Khand Decl., ¶ 6; Vanke Service Agreement at

19 § 2.1. Indeed, Vanke was the executive in charge of overseeing and managing all of PTI's

20 day-to-day business operations within the United States. *Id.*

21     Therefore, Vanke is exempt from the FLSA overtime and minimum wage

22 requirements and the Individual Defendants are entitled to summary judgment on Count I

23 with respect to Vanke.

24     2.   Kumar is Exempt Under the FLSA as a Highly Compensated

25           Executive Employee.

26     Kumar's base salary while employed with PTI was $225,000 per year. Kumar

27 RFAs, No. 1; Kumar Service Agreement at § 7.1. His compensation was payable on a bi-

28 weekly basis and was not dependent on the number of days or hours he worked, nor was it

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

49089-00002/1772097.8

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    subject to reduction based on the quality of his work.  Kumar RFAs, Nos. 2-4; Kumar

2    Service Agreement at §§ 2.4, 7.1.  Accordingly, Kumar's employment satisfies both the

3    Salary Basis and the Salary Level tests.  29 CFR §§ 541.600(a), 541.602(a).

4         Kumar's employment also satisfies the Duties Test because he was, at the very

5    least, a highly compensated executive employee.  Kumar's yearly salary of $225,000 far

6    exceeds the minimum salary level of $100,000 set forth in 29 CFR § 541.601.  As PTI's

7    Vice President of Network Operating Sales, Kumar was the executive in charge of

8    overseeing and managing PTI's entire network operating sales division.  Kumar RFAs,

9    No. 19-21; Khand Decl., ¶ 7; Kumar Service Agreement at § 2.1.  His primary duty was

10   management of this customarily recognized subdivision of PTI.  *Id.*

11        Therefore, Kumar is exempt from the FLSA overtime and minimum wage

12   requirements and the Individual Defendants are entitled to summary judgment on Count I

13   with respect to Kumar.

14             3.    Gofron is Exempt Under the FLSA as a Bona Fide Professional

15                   Employee.

16        Gofron's base salary while employed with PTI was $85,000 per year.  Gofron

17   RFAs, No. 1; Gofron Employment Agreement at ¶ 4(a).  Her compensation was payable

18   on a bi-weekly basis and was not dependent on the number of days or hours she worked,

19   nor was it subject to reduction based on the quality of her work.  Gofron RFAs, Nos. 2-4;

20   Gofron Employment Agreement at ¶ 4(b); Exh. I at ¶ 3.  Accordingly, Gofron's

21   employment satisfies both the Salary Basis and the Salary Level tests.  29 CFR §§

22   541.600(a), 541.602(a).

23        Gofron's employment also satisfies the Duties Test because she was, at the very

24   least, a bona fide professional employee and in particular, a computer employee.  As a

25   Sales Engineer, Gofron's position required advanced knowledge of software engineering.

26   Gofron RFAs, Nos. 21-23; Khand Decl., ¶ 8.  Her main duty was to consult with PTI's

27   users regarding hardware, software and system functional specifications.  *Id.*

28        Therefore, Gofron is exempt from the FLSA overtime and minimum wage

1   requirements and the Individual Defendants are entitled to summary judgment on Count I

2   with respect to Gofron.

3           4.     Mixon is Exempt Under the FLSA as a Bona Fide Professional

4              Employee.

5       Mixon's base salary while employed with PTI was $115,000 per year.  Mixon

6   RFAs, No. 1; Mixon Employment Agreement at ¶ 4(a).  His compensation was payable on

7   a bi-weekly basis and was not dependent on the number of days or hours he worked, nor

8   was it subject to reduction based on the quality of his work.  Mixon RFAs, Nos. 2-4;

9   Mixon Employment Agreement at ¶ 4(b).  Accordingly, Mixon's employment satisfies

10  both the Salary Basis and the Salary Level tests. 29 CFR §§ 541.600(a), 541.602(a).

11      Mixon's employment also satisfies the Duties Test because he was, at the very

12  least, a bona fide professional employee and in particular, a computer employee.  As a

13  Senior Software Engineer, Mixon's position required advanced knowledge of software

14  engineering.  Mixon RFAs, Nos. 20-24; Khand Decl., ¶ 9.  His main duty was to design,

15  develop, document, analyze, create, test, and modify computer programs.  *Id.*

16      Therefore, Mixon is exempt from the FLSA overtime and minimum wage

17  requirements and the Individual Defendants are entitled to summary judgment on Count I

18  with respect to Mixon.

19          5.     Gonzalez is Exempt Under the FLSA as a Bona Fide Administrative

20             Employee.

21      Gonzalez's base salary while employed with PTI was $52,000 per year.  Gonzalez

22  RFAs, No. 1; Khand Decl., ¶ 10.  Her compensation was payable on a bi-weekly basis and

23  was not dependent on the number of days or hours she worked, nor was it subject to

24  reduction based on the quality of her work.  Gonzalez RFAs, Nos. 2-4.  Accordingly,

25  Gonzalez's employment satisfies both the Salary Basis and the Salary Level tests.  29

26  CFR §§ 541.600(a), 541.602(a).

27      Gonzalez's employment also satisfies the Duties Test because she was, at the very

28  least, a bona fide administrative employee.  During Gonzalez' employment with PTI, she

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT;  MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   provided administrative assistance to Vanke, a senior executive of PTI. Gonzalez RFAs,

2   Nos. 6, 23, 26, 38, 41; Vanke RFAs, Nos. 19-21; Khand Decl., ¶ 10. Vanke delegated

3   authority to her regarding matters of significance, including the formulation of

4   management policies and operating procedures. Gonzalez RFAs, Nos. 11-14; Khand

5   Decl., ¶ 10. Her main duties were functional activities, and consisted primarily of

6   accounting, budgeting, auditing, insurance, and database administration. Gonzalez RFAs,

7   No. 8; Khand Decl., ¶ 10.

8   Therefore, Gonzalez is exempt from the FLSA overtime and minimum wage

9   requirements and the Individual Defendants are entitled to summary judgment on Count I

10  with respect to Gonzalez.

11  Based on all of the foregoing it is clear that each of the Plaintiffs was a "bona fide

12  executive, administrative, or professional" employee, and therefore cannot state a claim

13  under the FLSA. 29 U.S.C. § 213(a)(1). Accordingly, the Individual Defendants are

14  entitled to Summary Judgment in their favor on Count I.

15

16  C.   **The Undisputed Facts Demonstrate That Gonzalez Is Exempt Under**

17       **IWC Wage Order No. 4-2001 As A "Person Employed In An**

18       **Administrative Capacity"; Accordingly, Summary Judgment Should Be**

19       **Granted With Respect To Counts III-V.**

20  Counts III-V are brought on behalf of Gonzalez only and are based, respectively,

21  on sections 1173, 1185 and 226.7 of the California Labor Code. These statutes provide, in

22  turn, that it is the duty of the Industrial Welfare Commission ("IWC") to promulgate

23  regulations regarding minimum wages, overtime, and meal and rest periods. *See*

24  *generally Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785, 795 (1999) ("The IWC is

25  the state agency empowered to formulate regulations (known as wage orders) governing

26  minimum wages, maximum hours, and overtime pay in the State of California."). The

27  IWC regulations applicable to Counts III-V are located in IWC Wage Order No. 4-2001 at

28

1   subdivisions (4), (3), and (11)-(12), respectively. *See* Cal. Admin. Code tit. 8, § 11040

2   (IWC Wage Order No. 4-2001); SAC, ¶¶ 43, 50, 59.

3       Similar to the FLSA's exemption for administrative employees, IWC Wage Order

4   No. 4-2001 contains an exemption for persons employed "in an administrative capacity."

5   Cal. Admin. Code tit. 8, § 11040(1)(A).  The undisputed facts demonstrate that

6   Gonzalez's employment with PTI satisfies this exemption.

7       IWC Wage Order No. 4-2001 states, in pertinent part, as follows:

8

9           This order shall apply to all persons employed in professional,

10          technical, clerical, mechanical, and similar occupations whether

11          paid on a time, piece rate, commission, or other basis, <u>except that</u>:

12          Provisions of sections 3 through 12 <u>shall not apply</u> to persons

13          employed in administrative, executive, or professional capacities.

14          Cal. Admin. Code tit. 8, § 11040(1)(A) (emphasis added).

15

16          Administrative   Exemption:   A   person   employed   in   an

17          administrative capacity means any employee:

18              (a)   Whose   duties   and   responsibilities   involve…[t]he

19              performance of office or non-manual work directly related to

20              management policies or general business operations of his/her

21              employer or his employer's customers; [and]

22              (b) Who customarily and regularly exercises discretion and

23              independent judgment; and

24              (c) Who regularly and directly assists a proprietor, or an

25              employee   employed   in   a   bona   fide   executive   or

26              administrative capacity (as such terms are defined for

27              purposes of this section); [and]

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT;  MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(f) Who is primarily engaged in duties that meet the test of the exemption.

(g) Such employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

Cal. Admin. Code tit. 8, § 11040(1)(A)(2).

In this case, Gonzalez is exempt under IWC Order No. 4-2001 for the same reasons as under the FLSA. Gonzalez earned a yearly salary of $52,000, which is the monthly salary equivalent of $4,333 (i.e., $52,000/12). This is over three (3) times more than the state minimum wage for full-time employment, which as of January 1, 2008 is $1,280 per month. *See* Cal. Admin. Code tit. 8, § 11040(4); Cal. Labor Code § 515(c). The undisputed facts set forth above in Section II.E, *supra*, demonstrate that Gonzalez was also "primarily engaged" in the duties set forth in IWC Order No. 4-2001(1)(A)(2)(a), (b) and (c). As an Administrative Assistant, Gonzalez's duties involved the performance of non-manual office work, such as accounting, budgeting, auditing, insurance, and database administration. Gonzalez regularly provided direct assistance to Vanke, who was a bona fide executive of PTI.[1] Gonzalez customarily and regularly exercised discretion and independent judgment in carrying out her employment with PTI.

Therefore, Gonzalez is exempt under IWC Wage Order No. 4-2001. Summary judgment against Counts III-V in the SAC should be granted accordingly.

---

[1] IWC Wage Order No. 4-2001 defines a "person employed in an executive capacity" to mean any employee: (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and (b) Who customarily and regularly directs the work of two or more other employees therein; and (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) Who customarily and regularly exercises discretion and independent judgment; and (e) Who is primarily engaged in duties which meet the test of the exemption. The undisputed facts demonstrate that Vanke's employment with PTI satisfies this definition. Vanke RFAs, Nos. 9, 19-27. Khand Decl., ¶ 6.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**D.**     **Because Gonzalez Is Exempt Under IWC Order No. 4-2001, Summary Judgment Should Also Be Granted With Respect To Count VI.**

Count VI is brought on behalf of Gonzalez only and is based on sections 226 and 1174 of the California Labor Code.  Section 226 requires that, under certain circumstances, an employer must provide itemized statements regarding a non-exempt employee's wages.  Section 1174 requires that an employer keep certain records which, under IWC Order No. 4-2001(7), must be provided to non-exempt employees upon request.  Because Gonzalez is exempt under IWC Order No. 4-2001, she is exempt under the provisions relied on in Count VI as well.

Section 226 states that wage reporting must be provided to every employee "except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission." Cal. Labor Code § 226(a) (emphasis added).  As demonstrated above, Gonzalez was paid on a salary basis.  She is exempt from the payment of overtime under IWC Order No. 4-2001 because she was a person employed in an administrative capacity.  Therefore, the wage reporting requirements of Section 226 do not apply to her.

Gonzalez's claim under section 1174 is unsustainable for the same reason.  IWC Order No. 4-2001(7) governs the circumstances under which an employee is entitled to the records maintained under that section.   As set forth in IWC Order No. 4-2001(1)(A), subdivision 7 does not apply to Gonzalez because she was a person employed in an administrative capacity.

Therefore, Gonzalez is exempt from California's wage reporting requirements.  Summary judgment against Count VI in the SAC should be granted accordingly.

**E.**     **Gonzalez Lacks Standing Under The California Private Attorneys General Act (Count VII).**

Count VII is brought on behalf of Gonzalez only and is based on section 2699 of

the California Labor Code (the Private Attorneys General Act). This statute provides that "any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency…for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee[.]" Cal. Lab. Code § 2699(a) (emphasis added). An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged [Labor Code] violations was committed." *Id.*, § 2699(c). In *Amalgamated Transit Union v. Sup. Crt.* 46 Cal.4th 993 (2009), the California Supreme Court held that "a plaintiff has standing to bring an action under the Labor Code Private Attorneys General Act of 2004 <u>only if</u> the plaintiff is an 'aggrieved employee.'" *Id.* at 1005 (internal citations omitted) (emphasis added).

Gonzalez was a "person employed in an administrative capacity" with PTI, as that phrase is defined in IWC 4-2001. *See* discussion at Section III.C, *supra*. As such, none of the California Labor Code provisions alleged in the SAC are applicable to her employment. *Id.* There has therefore been no actionable Labor Code violation and Gonzalez is not an "aggrieved employee" under section 2699 as a matter of law.

Accordingly, Gonzalez lacks standing to bring an action under the Private Attorneys General Act and summary judgment should be granted as against Count VII.

**F.      The Individual Defendants Were Not The Employer(s) Of Gofron, Mixon Or Gonzalez.**

Beyond the foregoing, the undisputed factors also demonstrate that the Individual Defendants cannot be considered "employers" of Gofron, Mixon or Gonzalez under the FLSA or the California Labor Code. Therefore, the Individual Defendants cannot be personally liable for the violations alleged in the Counts I, III, IV, V, or VI of the SAC as a matter of law. Summary judgment should be granted in favor of the Individual Defendants on these claims for this separate and independent reason.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

1.   <u>The Individual Defendants Were Not the Employer(s) of Gofron,</u>
<u>Mixon or Gonzalez under the FLSA</u>

The FLSA requires an "employer" to pay minimum wages and overtime compensation to an "employee" under specific circumstances; therefore, liability under these provisions must be predicated on the existence of an employment relationship. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1).  In deciding whether an employer/employee relationship exists, the Ninth Circuit applies an "economic reality" test which looks to four factors: whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and/or (4) maintained employment records. *Hale v. State of Ariz.*, 967 F.2d 1356, 1364 (9th Cir. 1992); *Accord Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) ("To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.").

Here, it is undisputed that Gofron, Mixon and Gonzalez (collectively, the "GMG Plaintiffs") were employed by PTI. *See* SAC, ¶¶ 2-7.  Nowhere does the SAC allege that the Individual Defendants were the employer(s) of the GMG Plaintiffs, such that they could be personally liable as Plaintiffs' employer(s).  Rather, the SAC alleges only (upon information and belief) that during the relevant periods Jabbar "served as Chairman of the Board of Directors" and Khand "served as an officer" for PTI. *Id.*, ¶¶ 11-12.  These allegations are untrue.  However, even assuming *purely arguendo* that these allegations are true, they are, standing alone, insufficient to establish the requisite employment relationship for liability under the FLSA as a matter of law. *See Patel*, *supra*, 803 F.2d at 638.

Beyond the patent insufficiency of the allegations in the SAC, the undisputed facts also demonstrate that the "economic reality" test is not satisfied with respect to the relationship between the Individual Defendants, on the one hand, and the GMG Plaintiffs, on the other.  The Individual Defendants did not exercise any control over the GMG

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Plaintiffs, their salary, their work schedule, or their payroll.  Gofron RFAs, Nos. 24-35;

2   Mixon RFAs, Nos. 25-36; Gonzalez RFAs, Nos. 21-32; Khand Decl., ¶¶ 2-4; Jabbar

3   Decl., ¶¶ 2-4.  Nor did the Individual Defendants supervise the GMG Plaintiffs, review

4   their work, or make any recommendations regarding their salary or promotion.  Gofron

5   RFAs, Nos. 39-49; Mixon RFAs, Nos. 40-50; Gonzalez RFAs, Nos. 36-46; Khand Decl.,

6   ¶¶ 2-4; Jabbar Decl., ¶¶ 2-4.  The Individual Defendants were not responsible for

7   maintaining the employment records of the GMG Plaintiffs and did not, in fact, maintain

8   these records.  Khand Decl., ¶ 5; Jabbar Decl., ¶ 5.

9        At least three of the four factors of the "economic reality" test weigh heavily

10  against the existence of an employer/employee relationship between the Individual

11  Defendants and the GMG Plaintiffs.  Indeed, the GMG Plaintiffs have admitted that the

12  Individual Defendants were not their employer(s).  Gofron RFAs, Nos. 50-51; Mixon

13  RFAs, Nos. 51-52; Gonzalez RFAs, Nos. 47-48.  Therefore, the Individual Defendants

14  cannot be personally liable under the FLSA.

15       Accordingly, in addition to the reasons set forth in Section III.B above, summary

16  judgment should also be granted for the Individual Defendants as against Count I for the

17  independent and alternative reason that they did not have an employment relationship with

18  Gofron, Mixon or Gonzalez.

19            2.    The Individual Defendants Were Not Gonzalez's Employer(s) under

20                  California Law

21       California law, like the FLSA, also predicates liability for Labor Code violations

22  on the existence of an employment relationship, as defined by the IWC's wage orders.

23  *See generally Martinez v. Combs*, 49 Cal.4th 35, 52 (2010) ("In actions under section

24  1194 to recover unpaid minimum wages, the IWC's wage orders do generally define the

25  employment relationship, and thus who may be liable.").  IWC Wage Order No. 4-2001

26  defines an "employer" as "any person ... who directly or indirectly, employs or exercises

27  control over the wages, hours or working conditions of any person."  Cal. Admin. Code

28  tit. 8, § 11040(2)(H).  However, unlike the FLSA, California law expressly prohibits the

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

imposition of personal liability on corporate officers for wages owed by a corporate employer. *See Reynolds v. Bement*, 36 Cal.4th 1075, 1085-88 (2005) ("[C]orporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages.") (*abrogated on other grounds in Martinez v. Combs*, 49 Cal.4th 35 (2010)). That is, the IWC definition of "employer" does not extend to individual corporate agents acting within the scope of their agency as a matter of law. *Id.*

The undisputed facts demonstrate that the Individual Defendants are not liable for Gonzalez's claims even under the general IWC definition of an "employer" because the Individual Defendants did not directly or indirectly employ Gonzalez or exercise control over her wages, hours or working conditions. Gonzalez RFAs, Nos. 21-32; Jabbar Decl., ¶ 4; Khand Decl., ¶ 4. More importantly however, there is no allegation anywhere in the SAC that the Individual Defendants had any relationship to Gonzalez's employment other than by virtue of their position as corporate officers of PTI. SAC, ¶¶ 11-12. As such, the Individual Defendants cannot be personally liable for Gonzalez's claims as a matter of California law.

Accordingly, in addition to the reasons set forth in Section III.C-D, *supra*, summary judgment should also be granted for the Individual Defendants as against Counts III-VI for the independent and alternative reason that they were not Gonzalez's employer(s).

## G.   The Court Should Dismiss Plaintiffs' Remaining Pendent State Law Claims.

There is incomplete diversity of citizenship in this case -- Gonzalez is a California resident, as are Jabbar and PTI. SAC, ¶¶ 7, 8, 11. As such, Plaintiffs' claims under the FLSA (Count I) are the sole basis for federal jurisdiction. *Id.*, ¶ 13. If the Court agrees that these claims should be dismissed, the Individual Defendants respectfully request that the Court dismiss all Plaintiffs' remaining pendent state law claims as well. *See* 28 U.S.C.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

§ 1367(c)(3).

As the Supreme Court has explained:

> "It has consistently been recognized that pendent jurisdiction
> is a doctrine of discretion, not of plaintiff's right. Its
> justification lies in considerations of judicial economy,
> convenience and fairness to litigants; if these are not present a
> federal court should hesitate to exercise jurisdiction over state
> claims, even though bound to apply state law to them [citation
> omitted]. Needless decisions of state law should be avoided
> both as a matter of comity and to promote justice between the
> parties, by procuring for them a surer-footed reading of
> applicable law. <u>Certainly, if the federal claims are dismissed
> before trial</u>, even though not insubstantial in a jurisdictional
> sense, <u>the state claims should be dismissed as well</u>.

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (emphasis added);
*See also Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir.
1992) ("When federal claims are dismissed before trial, pendent state claims also should
be dismissed.") (citations omitted.)

Assuming the Court grants summary judgment with respect to Plaintiffs' FLSA
claims, all of the remaining claims are state law causes of action that should be litigated in
state court. In the interest of convenience and judicial economy, the Individual
Defendants respectfully request the Court to rule on the statutory state law causes of
action raised in this motion (Counts III-VII) and dismiss Plaintiffs' remaining state law
claims (Counts II, VIII-XI) so that they may proceed in state court.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

49089-00002/1772097.8

MOTION FOR PARTIAL SUMMARY
JUDGMENT; MOTION TO DISMISS PENDENT
STATE LAW CLAIMS

## IV.    **CONCLUSION**

For all of the foregoing reasons the Individual Defendants respectfully request that the Court enter summary judgment against Counts I, III, IV, V, VI and VII of the SAC and dismiss Plaintiffs' remaining pendent state law claims.


DATED:  April 28, 2011                    GREENBERG GLUSKER FIELDS
                                          CLAMAN & MACHTINGER LLP


                                          By: /s/  James R. Molen
                                          JAMES R. MOLEN (SBN 260269)
                                          Attorneys for Defendants Masood Jabbar
                                          and Imran Khand

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

49089-00002/1772097.8

22