**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARRIE GOFRON; J. WILLIAM VANKE;
ASHWINI KUMAR; MATTHEW MIXON; and
DULCE GONZALEZ,

        Plaintiffs,

  v.

PICSEL TECHNOLOGIES, INC.; PICSEL
HOLDINGS LIMITED (formerly HAMSARD
LIMITED); PICSEL GROUP HOLDINGS
LIMITED; MASOOD JABBAR; AND IMRAN
KHAND,

        Defendants.

_____/

MASOOD JABBAR AND IMRAN KHAND,

        Counterclaimants,

  v.

J. WILLIAM VANKE,

        Counterdefendant.

_____/

No. C 09-04041 CW

ORDER GRANTING
PICSEL
DEFENDANTS'
MOTIONS TO
DISMISS; DENYING
PLAINTIFFS'
MOTION FOR
EXTENSION OF
TIME; GRANTING
INDIVIDUAL
DEFENDANTS'
MOTION FOR
PARTIAL SUMMARY
JUDGMENT; AND
DENYING
INDIVIDUAL
DEFENDANTS'
MOTION TO DISMISS
PENDENT STATE LAW
CLAIMS
(Docket Nos. 76,
79, 81 and 84.)

    Defendant Picsel Group Holdings Limited (Picsel Group) moves

to dismiss for lack of personal jurisdiction.  Plaintiffs Carrie

Gofron, et al., do not oppose the motion.  Defendant Picsel

Holdings Limited, formerly Hamsard Limited (Picsel Holdings), also

moves to dismiss for lack of personal jurisdiction.  Plaintiffs

oppose the motion.  Defendants Masood Jabbar and Imran Khand move

**United States District Court**
For the Northern District of California

for partial summary judgment on counts I, III, IV, V, VI and VII of the Second Amended Complaint (SAC) and move to dismiss the remaining pendent state law claims.  In response, Plaintiffs move pursuant to Federal Rule of Civil Procedure 56(d) for an extension of time to file their opposition until after they have completed discovery.  Having considered oral argument and the papers submitted by the parties, the Court (1) GRANTS Picsel Group's unopposed motion to dismiss, (2) GRANTS Picsel Holdings' motion to dismiss, (3) DENIES Plaintiffs' motion for an extension of time to file an opposition to Jabbar and Khand's motion for summary judgment, (4) GRANTS Jabbar and Khand's motion for partial summary judgment and (5) DENIES Jabbar and Khand's motion to dismiss the remaining pendent state law claims.

BACKGROUND

I. Factual Allegations and Plaintiffs' Claims

Plaintiffs allege they were employed by Defendant Picsel Technologies, Inc. (PTI), a California corporation.  Plaintiffs began working for PTI at different times, but they all ended their employment by April 30, 2009.  Plaintiffs allege that, beginning in the fall of 2008, PTI refused to pay their salaries, commissions and bonuses, denied them promised stock options, and terminated promised benefit programs.  PTI attempted to extend Plaintiffs' employment by promising full compensation in the future.

In the fall of 2009, PTI's parent company, Picsel Group Limited (not to be confused with Defendant Picsel Group), entered into an Administration, the United Kingdom equivalent to bankruptcy protection.  The parties dispute the fate of PTI following Picsel

2

United States District Court
For the Northern District of California

Group Limited's Administration.  Plaintiffs allege that Picsel Holdings, which is a subsidiary of Picsel Group, purchased PTI or Picsel Group Limited.  Defendants claim that Picsel Holdings purchased only certain assets of PTI's sister companies, Picsel Technologies Limited and Picsel (Research) Limited.

The parties also dispute the roles of Jabbar and Khand in PTI. Plaintiffs allege that Jabbar was the chairman of PTI's board of directors and that Khand was an officer of the company.  Jabbar denies that he was an officer, director or employee of PTI.  Khand acknowledges only that he was the CEO of PTI's parent company, Picsel Group Limited.

Plaintiffs plead claims for wage-and-hour violations under California, Illinois and federal law, along with common law claims for breach of contract, fraud, misrepresentation and unjust enrichment.

II.  Procedural History

Plaintiffs initiated this litigation against PTI, Jabbar and Khand on August 31, 2009.  Plaintiffs added Defendant Picsel Holdings, under its former name, Hamsard Limited, in their First Amended Complaint (FAC), filed May 21, 2010.  Plaintiffs named Defendant Picsel Group, which is Picsel Holdings' parent company, in their SAC, filed December 15, 2010.[1]

---

[1]The saga of Plaintiffs' efforts to name and serve the correct entity Defendants is detailed more fully in the Court's December 8, 2010 Order Granting Plaintiffs Leave to File Second Amended Complaint.  In that order, the Court also noted that the prosecution of Plaintiffs' case against Jabbar and Khand did not appear to require the presence of the entity Defendants. Accordingly, the Court advised that "Plaintiffs shall continue to prosecute diligently their case against" Jabbar and Khand.

**United States District Court**
For the Northern District of California

On August 24, 2010, the Court held a case management conference and established a discovery cut-off date of June 13, 2011 and a deadline for hearing case-dispositive motions of March 31, 2011. On February 15, 2011, the Court entered an order approving a stipulation between Plaintiffs and Jabbar and Khand extending the deadline for dispositive motions, but not the discovery cut-off. The new deadline for dispositive motions was June 2, 2011.

On April 6, 2011, Picsel Holdings filed its motion to dismiss for lack of personal jurisdiction, contending that it has never done business in California and lacks the requisite minimum contacts with the State for the Court to exercise personal jurisdiction. On April 18, 2011, Picsel Group filed its motion to dismiss for lack of jurisdiction, on substantially similar grounds. On April 28, 2011, Jabbar and Khand filed their motion for summary judgment on Plaintiffs' claims under the Fair Labor Standards Act (FLSA) and the California Labor Code, on the grounds that Plaintiffs were exempt employees, as established by their default admissions to Jabbar and Khand's requests for admission. Because Plaintiffs' FLSA claim is the basis for federal jurisdiction in this case, Jabbar and Khand also moved to dismiss Plaintiffs' remaining pendent state law claims. All motions were noticed for hearing on June 2, 2011.

Plaintiffs failed to file an opposition to any of these motions by their deadline of May 12, 2011. On May 14, 2011, the Court issued an order extending Plaintiffs' deadline to respond to May 19, 2011 and continuing the hearings until June 23, 2011. On

4

**United States District Court**
For the Northern District of California

May 19, 2011, Plaintiffs filed an opposition to Picsel Holdings'
motion to dismiss, contending that this Court has jurisdiction over
Picsel Holdings because it is the "mere continuation" of PTI, which
was a California corporation.  In response to Jabbar and Khand's
motion for summary judgment, Plaintiffs moved for an extension of
time to respond in order to complete discovery.

LEGAL STANDARD

I.   Dismissal under Federal Rule of Civil Procedure 12(b)(2)

    Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a
defendant may move to dismiss for lack of personal jurisdiction.
The plaintiff then bears the burden of demonstrating that the Court
has jurisdiction.  Schwarzenegger v. Fred Martin Motor Co., 374
F.3d 797, 800 (9th Cir. 2004).  The plaintiff "need only
demonstrate facts that if true would support jurisdiction over the
defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).
Uncontroverted allegations in the complaint must be taken as true.
AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.
1996).  However, the court may not assume the truth of such
allegations if they are contradicted by affidavit.  Data Disc, Inc.
v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir.
1977).  If the plaintiff also submits admissible evidence,
conflicts in the evidence must be resolved in the plaintiff's
favor.  AT&T, 94 F.3d at 588.

    There are two independent limitations on a court's power to
exercise personal jurisdiction over a non-resident defendant: the
applicable state personal jurisdiction rule and constitutional
principles of due process.  Sher v. Johnson, 911 F.2d 1357, 1361

5

**United States District Court**
For the Northern District of California

(9th Cir. 1990); <u>Data Disc, Inc.</u>, 557 F.2d at 1286.  California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis.  <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 587 (9th Cir. 1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

General jurisdiction exists where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts.  <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).  The standard for establishing general jurisdiction is "fairly high."  <u>Id.</u>; <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir. 1986).  The defendant's contacts must approximate physical presence in the forum state.  <u>Schwarzenegger</u>, 374 F.3d at 801.

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum.  <u>Data Disc, Inc.</u>, 557 F.2d at 1286.  The "minimum contacts" required to assert specific jurisdiction are analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities towards, or consummate some transaction with, the forum or a resident thereof, or perform some act by which it purposefully

United States District Court
For the Northern District of California

avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  Each of these conditions is required for asserting jurisdiction.  Ins. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

II.  Summary Judgment

   A.   Rule 56

   Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

   B.   Rule 56(d)

   Rule 56(d) provides:

   If a nonmovant shows by affidavit or declaration that, for
   specified reasons, it cannot present facts essential to
   justify its opposition, the court may: (1) defer considering
   the motion or deny it; (2) allow time to obtain affidavits or
   declarations or to take discovery; or (3) issue any other
   appropriate order.

This rule should be applied with a spirit of liberality to prevent injustice to the party facing summary judgment.  See 10B Charles Alan Wright, et al., Fed. Practice & Proc. § 2740 (3d ed. 2011); First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1380

(D.C. Cir. 1988).

"[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact.  The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under [Rule 56(d)]." <u>Cont'l Mar. of San Francisco v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO</u>, 817 F.2d 1391, 1395 (9th Cir. 1987) (internal citation omitted).  To obtain a continuance, a party "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." <u>Tatum v. City & Cnty. of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006).  The party must also show that it "diligently pursued its <u>previous</u> discovery opportunities." <u>Qualls v. Blue Cross of Cal., Inc.</u>, 22 F.3d 839, 844 (9th Cir. 1994) (emphasis in original).

DISCUSSION

I.  Picsel Holdings' Motion to Dismiss

Picsel Holdings moves to dismiss for lack of personal jurisdiction, arguing that (1) the company does not have any contacts with the State of California, let alone sufficient contacts to support general jurisdiction, and (2) the company is not accused of any of the wrongdoing at issue in the SAC, and cannot be subject to specific jurisdiction.  Plaintiffs argue that this Court has specific jurisdiction over Picsel Holdings because the company is the successor-in-interest or "mere continuation" of PTI, which was a California corporation.  These arguments are based on the allegations that (1) Picsel Holdings was founded by

**United States District Court**
For the Northern District of California

Defendant Khand, the former CEO of PTI's parent company, Picsel Group Limited, (2) Picsel Holdings purchased certain assets of Picsel Group Limited, (3) Picsel Holdings provides products similar to those PTI provided, and (4) Picsel Holdings "perhaps" serves the same customers as PTI.

Plaintiffs contend that their burden on a motion to dismiss for lack of jurisdiction is only to make out a <u>prima facie</u> showing of jurisdiction. Plaintiffs have understated their burden. As discussed above, a plaintiff's allegations are not taken as true where they are contradicted by affidavit. <u>Data Disc, Inc.</u>, 557 F.2d at 1284.

Picsel Holdings has submitted the declaration of Benjamin Tustin, the administrator of the company, contradicting Plaintiffs' allegations. Specifically, Tustin states that Picsel Holdings has no officers, directors, employees, or contractors in California, that it has never advertised or sold any products in California, and that it has no assets in California. Tustin further states that the only relationship between Picsel Holdings and Picsel Group Limited is that Picsel Holdings purchased "limited" assets of two of PTI's sister companies out of the Administration. According to Tustin, Picsel Holdings is a distinct corporate entity from PTI's former parent company, Picsel Group Limited, and is not the parent, subsidiary, or sister company of PTI.

Plaintiffs have not submitted any admissible evidence in support of their assertion that Picsel Holdings is subject to personal jurisdiction. Conflicts in the evidence are resolved in the plaintiff's favor only if the plaintiff submits admissible

9

evidence.  <u>AT&T</u>, 94 F.3d at 588.  Because Plaintiffs' only allegations supporting jurisdiction over Picsel Holdings come from their unverified SAC and their opposition brief, they cannot be taken as true for purposes of this motion.  Therefore, Plaintiffs have failed to meet their burden to establish jurisdiction over Picsel Holdings.

Plaintiffs state in their opposition that they "expect adequate discovery to reveal facts supporting either general personal jurisdiction or specific personal jurisdiction."  Pl. Opp. at 4.  This statement appears to be little more than speculation or hunch.

Plaintiffs have had their opportunity to conduct discovery on these issues.  Plaintiffs state that discovery and deposition testimony of Defendants Jabbar and Khand (which they request leave to conduct to oppose Jabbar and Khand's motion for summary judgment) "will also be of extreme importance in determining whether a mere continuing of operations and other successor liability issues exist with respect to" Picsel Group and Picsel Holdings.  Declaration of Craig A. Marr ¶ 12.  However, as discussed below, Plaintiffs have had ample time to seek discovery from Jabbar and Khand, who appeared in this case nearly a year ago. This motion is unlike the typical jurisdictional challenge occurring within twenty-one days of service of the complaint, before the plaintiff has had an opportunity to conduct discovery. Plaintiffs in this case have not availed themselves of their discovery opportunities.  Therefore, they cannot establish that they will suffer any prejudice as a result of the denial of

1  additional discovery.

2       Moreover, even if proven to be true, Plaintiffs' allegation

3  that Picsel Holdings is the "mere continuation" of PTI is unlikely

4  to be sufficient to establish jurisdiction.  Although Plaintiffs

5  fail to cite any authority on this point, California law recognizes

6  that a corporation that purchases the principal assets of another

7  corporation may be subject to the former corporation's liabilities

8  if the buyer is a "mere continuation of the selling corporation."

9  Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143,

10 1150 (9th Cir. 2004) (citing Ray v. Alad Corp., 19 Cal. 3d 22, 28

11 (1977)).  California courts require evidence (1) of a lack of

12 adequate consideration paid for the assets, and (2) that "one or

13 more persons were officers, directors, or shareholders of both

14 corporations."  Id.  For purposes of establishing jurisdiction,

15 "[t]he contacts of a predecessor can be attributed to a successor

16 in interest if that successor would be liable for the actions of

17 the predecessor under the law of the forum."  Galen Inv. Advisors,

18 Inc. v. Alcatel, 2002 WL 31319900, at *5 (N.D. Cal.).

19      Although Plaintiffs have alleged that Khand was the CEO of

20 PTI's parent company and is the founder of Picsel Holdings, they

21 have not alleged that Picsel Holdings did not pay adequate

22 consideration for the assets it purchased.  In addition, Plaintiffs

23 do not clearly explain which assets Picsel Holdings purchased.  In

24 their brief, Plaintiffs state that Picsel Holdings "has acquired,

25 among other things assets relating to [PTI's] parent operation."

26 Pl. Opp. at 4.  Significantly, they do not allege that Picsel

27 Holdings now owns PTI or any of its assets.  All they suggest is

28                                    11

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

the ownership of some assets that were formerly owned by PTI's parent. Even if true, this is insufficient to establish Picsel Holdings' liability for PTI's wrongdoing and, thereby, personal jurisdiction over Picsel Holdings. Accordingly, Plaintiffs have not shown any likelihood that further discovery will enable them to establish jurisdiction over Picsel Holdings.

Because Plaintiffs have failed to meet their burden of establishing jurisdiction over Picsel Holdings, Picsel Holdings' motion to dismiss for lack of personal jurisdiction is granted.

II.   Jabbar and Khand's Motion for Partial Summary Judgment

Jabbar and Khand move for summary judgment on Plaintiffs' claims for violations of the FLSA and the California Labor Code, on the grounds that Plaintiffs were exempt employees. Alternatively, Jabbar and Khand contend that they were not Gofron's, Mixon's or Gonzalez' "employer," as that term is defined under the FLSA and the California Labor Code. Jabbar and Khand base their motion on Plaintiffs' default admissions to Jabbar and Khand's requests for admission and on Plaintiffs' employment agreements.

In response to Jabbar and Khand's motion, Plaintiffs filed a motion for an extension of time to file an opposition pursuant to Federal Rule of Civil Procedure 56(d). Plaintiffs contend that they have been unable to complete necessary discovery, owing to significant delays attributable to serving Defendants Picsel Holdings and Picsel Group, which are both located overseas. Plaintiffs request an extension until twenty-eight days after the June 13, 2011 discovery deadline, allowing them time to receive responses to their written discovery and schedule depositions of

12

Jabbar and Khand.  By affidavit, counsel for Plaintiffs declares that he never received the requests for admission propounded by Jabbar and Khand.

A.   Motion for Extension

In support of Plaintiffs' Rule 56(d) motion for an extension, Plaintiffs' counsel suggests that discovery will allow Plaintiffs to prove that Jabbar and Khand "were intimately involved in all aspects of the operations of Picsel Technologies, Inc., and its parent and sister operations."  Declaration of Craig A. Marr ¶ 10. Plaintiffs' counsel goes on to state that, based on this fact, he "believes we can respond to these defendants' arguments that they are not an employer as defined by the California Labor Code and wage statutes." Id. ¶ 11.

To prevail under Rule 56(d), Plaintiffs must identify specific facts they seek to discover that would preclude summary judgment. Tatum, 441 F.3d at 1100.  Although Plaintiffs allege generally that Jabbar and Khand were "intimately involved" in PTI and its affiliate companies, they do not state any specific facts in support of this allegation.  Nor do Plaintiffs explain how this involvement would make Jabbar and Khand liable as Plaintiffs' employer for violations of the FLSA and California Labor Code.

In addition, Plaintiffs ignore entirely Jabbar and Khand's primary argument in favor of summary judgment, which is that Plaintiffs were exempt employees and cannot recover minimum wages and overtime under the FLSA or the California Labor Code.  Jabbar and Khand's involvement in the operations of PTI, no matter how intimate, has no bearing on whether or not Plaintiffs were exempt.

13

Indeed, Plaintiffs do not address the exemption argument at all, in either their brief or their affidavit, except for a vague reference to "each of [Jabbar and Khand's] other arguments in favor of partial summary judgment." Marr Dec. ¶ 11. By failing to suggest the discovery of specific facts that would address either of Jabbar and Khand's arguments in favor of summary judgment, Plaintiffs have failed to meet their burden under Rule 56(d).

Plaintiffs have also failed to explain how discovery would allow them to overcome the facts established by their default admissions. A matter for which an admission is requested is admitted unless, within thirty days after service of the request or some other time that the court allows or the parties agree to in writing, the party to whom the request is directed responds with a written answer or objection. Fed. R. Civ. P. 36(a). Any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b).

In support of their motion, Jabbar and Khand have submitted the requests for admission propounded to each Plaintiff, requesting the admission of facts supporting both grounds for summary judgment, that Plaintiffs were exempt and that Jabbar and Khand were not their employers. See Declaration of James Molen in Support of Motion for Summary Judgment (Molen MSJ Dec.), Exs. A-E. Each set of requests is accompanied by a certificate of service addressed to Plaintiffs' counsel Mr. Marr. See id. Plaintiffs have not responded to these requests. Molen MSJ Dec. ¶ 9. Although counsel for Plaintiffs claims that he never received

14

United States District Court
For the Northern District of California

Jabbar and Khand's discovery requests, see Marr Dec. ¶ 3, Plaintiffs have not made a motion to withdraw or amend their default admissions. Therefore, the matters contained within the requests for admissions are conclusively established. Plaintiffs do not explain how, through discovery, they would overcome these admissions.

Nevertheless, Plaintiffs contend that an extension under Rule 56(d) is appropriate because they have not yet completed fact discovery. Plaintiffs claim that they have been unable to complete discovery because of delays associated with serving Picsel Group and Picsel Holdings, which are located overseas.

Contrary to Plaintiffs' assertions, the record is clear that Plaintiffs have not diligently pursued their previous discovery opportunities, as required for a motion under Rule 56(d). See Qualls, 22 F.3d at 844. Indeed, Plaintiffs apparently did not pursue any discovery whatsoever until after the original deadline for their opposition to the motion for summary judgment. Plaintiffs served their first written discovery on Jabbar and Khand by mail on May 13, 2011. See Marr Dec., Exs. B-E. Plaintiffs do not explain the significant delay in pursuing discovery with respect to Jabbar and Khand, who appeared and filed their answer to the FAC on August 3, 2010.

In addition, in claiming delays associated with serving the overseas entity Defendants, Plaintiffs have ignored the Court's express direction that "Plaintiffs shall continue to prosecute diligently their case against" Jabbar and Khand. See December 8, 2010 Order (Docket No. 64). The Court noted that the presence of

15

United States District Court
For the Northern District of California

the entity Defendants did not appear to be necessary for Plaintiffs to proceed with their case against Jabbar and Khand.  Plaintiffs still do not explain why the absence of the entity Defendants prevented them from propounding discovery on Jabbar and Khand.

Further, Plaintiffs have not explained why, after Jabbar and Khand filed their motion for summary judgment, they nonetheless waited until after their opposition was due to serve discovery. Indeed, it appears that the discovery Plaintiffs have served is unenforceable.  Because Plaintiffs served Jabbar and Khand by mail, responses to Plaintiffs' discovery were due on June 15, 2011, two days after the June 13, 2011 discovery cut-off.  See Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2).  Under Local Rule 37-3, "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable."  Plaintiffs' motion and affidavit provide no explanation for this missed deadline, nor have Plaintiffs moved for an extension of the discovery cut-off.  Therefore, even if the Court were to grant Plaintiffs' motion, Plaintiffs are unlikely to obtain any additional information allowing them to oppose the motion for summary judgment.  Because Plaintiffs have missed discovery deadlines and ignored the Court's orders, they cannot show that they diligently pursued their previous discovery opportunities.

Plaintiffs have failed to identify any specific facts that would preclude summary judgment on either of the two bases for Jabbar and Khand's motion.  Plaintiffs have also failed to explain how, through discovery, they would overcome their default admissions.  Finally, Plaintiffs have failed to show diligent

16

pursuit of their previous discovery opportunities.  Accordingly,
Plaintiffs' motion for an extension of time to oppose Jabbar and
Khand's motion for summary judgment is denied.

B.   Motion for Summary Judgment

As noted above, Jabbar and Khand move for summary judgment on
Plaintiffs' claims for violations of the FLSA and the California
Labor Code, on the basis that Plaintiffs were exempt employees.
Jabbar and Khand also move for summary judgment on the claims of
Plaintiffs Gofron, Mixon and Gonzalez, on the separate basis that
Jabbar and Khand were not their employers.  These facts are
conclusively established for purposes of this litigation by
Plaintiffs' default admissions.  Therefore, Plaintiffs are
precluded from raising a genuine issue of material fact on those
matters.  In light of the facts established by Plaintiffs' default
admissions as well as their employment agreements, summary judgment
must be granted on Counts I and III-VII of the SAC.[2]

1.   Exempt Employees

a.   FLSA Violations

Count I of the SAC alleges violations of the FLSA with respect
to all Plaintiffs.  Jabbar and Khand argue that, because Plaintiffs
were exempt employees, they are not entitled to recover minimum

---

[2]At the hearing on the motion, counsel for Plaintiffs argued
that it would be unfair to find Plaintiffs exempt, because they
were not paid at all for the final several months of their
employment by PTI.  However, Plaintiffs did not cite any authority
for this equitable argument that the statutory exemptions should
not apply.  Moreover, finding Plaintiffs exempt from statutory
wage-and-hour provisions does not prevent them from recovering
their unpaid salaries and benefits under their other counts,
including for breach of their employment contracts.

wages or overtime compensation under the FLSA.  The FLSA requires that employers pay covered employees at least the federal minimum wage for all hours worked, and time and one-half for all hours worked in excess of forty hours in a single work week.  29 U.S.C. §§ 206(a)(1), 207(a)(1).  However, executive, professional and administrative employees are exempt from the FLSA's minimum wage and overtime requirements.  See 29 U.S.C. § 213.  To be considered exempt, an employee must satisfy three tests: (1) the salary basis test, requiring that the employee receive "a predetermined amount" of compensation that is "not subject to reduction because of variations in the quality or quantity of the work performed" by the employee; (2) the salary level test, requiring that the employee earn at least $455 per week, equivalent to $23,600 per year; and (3) the duties test, which focuses on whether the employee performs the "primary duty" of an executive, professional or administrative employee.  29 C.F.R. §§ 541.602(a), 541.600(a), 541.700(a).

Jabbar and Khand contend that Plaintiffs Vanke and Kumar were exempt as highly compensated executives.  For employees to qualify as exempt executive employees under federal law, in addition to satisfying the salary basis and salary level tests, they must (1) manage the enterprise in which they work or a "customarily recognized department or subdivision thereof," (2) customarily and regularly direct the work of two or more other employees, and (3) have authority to hire or fire other employees or, in the alternative, have particular weight given to their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other status change of other employees.  29 C.F.R. § 541.100.

**United States District Court**
For the Northern District of California

Employees who perform at least one of the duties of an executive employee and earn at least $100,000 per year are also exempt as highly compensated executives.  29 C.F.R. § 541.601.

Vanke, PTI's head of U.S. operations, was paid on a salary basis, and his base salary was $250,000 per year.  Molen MSJ Dec., Ex. D, RFA Nos. 1-5; Ex. F, Vanke Employment Agreement §§ 2.1, 7.1.  Vanke's primary duty was the management of PTI's business operations in the United States, he customarily and regularly directed the work of two or more employees, and he had the authority to hire or fire other employees.  Id., Ex. D, RFA Nos. 20-23.  Kumar was the vice president of PTI's network operator sales division, and was paid $225,000 per year on a salary basis.  Molen MSJ Dec., Ex. E, RFA Nos. 1-5; Ex. G, Kumar Employment Agreement §§ 2.1, 7.1.  Kumar was primarily responsible for PTI's network operator sales division, he customarily and regularly directed the work of two or more employees, and he had the authority to hire or fire other employees.  Id., Ex. E, RFA Nos. 20-23.  According to their default admissions and their employment agreements, Vanke and Kumar satisfied the tests for the highly compensated executive exemption.

Jabbar and Khand argue that Plaintiffs Gofron and Mixon were exempt as computer employees, a category falling within the exemption for professional employees.  See 29 C.F.R. § 541.400(a).  Computer employees are those whose primary duty consists of

> (1) The application of systems analysis techniques and
> procedures, including consulting with users, to determine
> hardware, software or system functional specifications;
> (2) The design, development, documentation, analysis,
> creation, testing or modification of computer systems or

United States District Court
For the Northern District of California

> programs, including prototypes, based on and related to user
> or system design specifications; (3) The design,
> documentation, testing, creation or modification of computer
> programs related to machine operating systems; or (4) A
> combination of the aforementioned duties, the performance of
> which requires the same level of skills.

29 C.F.R. § 541.400(b).

Gofron was a sales engineer for PTI, earning a base salary of $85,000. Molen MSJ Dec., Ex. A, RFA Nos. 1-5; Ex. H, Gofron Employment Agreement §§ 3, 4(a). Mixon was a senior software engineer, earning a base salary of $115,000 per year. Id., Ex. B, RFA Nos. 1-5; Ex. J, Mixon Employment Agreement §§ 3, 4(a). Both Gofron and Mixon's primary duties "consisted of the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications." Id., Ex. A, RFA No. 23; Ex. B., RFA No. 22. According to their default admissions and their employment agreements, Gofron and Mixon satisfied the tests for the computer employee exemption.

Jabbar and Khand argue that Plaintiff Gonzalez was exempt as an administrative employee. Administrative employees are those (1) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (2) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. "An executive assistant or administrative assistant to a business owner or senior executive of a large business generally meets the duties requirements for the

administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." Id. § 541.203(d).

Gonzalez was employed by PTI as an administrative assistant to Vanke, PTI's head of U.S. operations, earning $52,000 per year on a salary basis. Molen MSJ Dec., Ex. C., RFA Nos. 1-6. Her primary duty was providing administrative assistance to Vanke, involving the exercise of discretion and independent judgment. Id., RFA Nos. 6, 7, 11. Based on her default admissions, Gonzalez satisfied the tests for the administrative employee exemption.

Plaintiffs' default admissions establish that they were exempt employees under the FLSA. Plaintiffs have introduced no material facts to the contrary, nor have they suggested the existence of such facts; as discussed above, the only facts identified in Plaintiffs' Rule 56(d) motion related to Jabbar and Khand's alternative basis for summary judgment, that Jabbar and Khand were not Plaintiffs' "employers" as defined by the FLSA. Because Plaintiffs were exempt, they are not entitled to minimum wage or overtime compensation under the FLSA. Jabbar and Khand's motion for summary judgment on Count I is granted.

b. California Labor Code Violations

Counts III-VI of the SAC are brought on behalf of Gonzalez, for violations of the California Labor Code and provisions of Industrial Welfare Commission (IWC) Wage Order 4-2001 requiring the payment of minimum wages and overtime, the provision of meal and rest breaks and itemized wage statements, and the maintenance of employee records. Jabbar and Khand move for summary judgment on

21

**United States District Court**
For the Northern District of California

these counts on the basis that Gonzalez was an administrative employee under California law, exempt from these provisions.

IWC Wage Order 4-2001 contains provisions for minimum wages, overtime, meal and rest periods, and the maintenance of employee records. However, these provisions do not apply to exempt employees. IWC Wage Order 4-2001(1)(A). Likewise, California Labor Code § 226 requires that employers provide itemized statements showing wages earned and hours worked, except to employees who are exempt from overtime compensation under IWC wage orders. Cal. Lab. Code § 226. Therefore, summary judgment is appropriate on Counts III-VI if Gonzalez was exempt under California law.

Jabbar and Khand argue that Gonzalez was exempt under California law for the same reasons she was exempt under the FLSA. California regulations define an exempt administrative employee as one whose duties involve office work related to the employer's business operations, who customarily and regularly exercises discretion and independent judgment, and who earns at least twice the state minimum wage for full-time employment. Cal. Code Regs. tit. 8, § 11090(1)(A)(2). Gonzalez's default admissions, discussed above in relation to her exempt status under the FLSA, also establish that she was exempt under California law, on the basis of her duties and her salary, which was more than three times the state minimum wage for full time employment. See IWC Wage Order 4-2001(4)(A). Because Plaintiffs present no contrary evidence and have not identified any material facts they seek to discover that would overcome the conclusion that Gonzalez was exempt, Jabbar and

1    Khand's motion for summary judgment on Counts III-VI is granted.

2                    c.   Private Attorneys General Act Claim

3        Count VII of Plaintiffs' SAC is brought on behalf of Gonzalez

4    under California Labor Code § 2699, the Labor Code Private

5    Attorneys General Act.  Jabbar and Khand move to dismiss this

6    count, arguing that Gonzalez lacks standing to assert a claim under

7    this section.

8        Jabbar and Khand contend that Gonzalez is not an "aggrieved

9    employee" as defined by section 2699, because she was an exempt

10   employee and no violations of the Labor Code were committed against

11   her.  Section 2699(a) provides,

12        Notwithstanding any other provision of law, any provision of
         this code that provides for a civil penalty to be assessed and
13       collected by the Labor and Workforce Development Agency or any
         of its departments, divisions, commissions, boards, agencies,
14       or employees, for a violation of this code, may, as an
         alternative, be recovered through a civil action brought by an
15       aggrieved employee . . . .

16   An "aggrieved employee" is defined as "any person who was employed

17   by the alleged violator and against whom one or more of the alleged

18   violations was committed."  Cal. Lab. Code § 2699(c).  Because the

19   Court has granted summary judgment against Gonzalez on her

20   underlying claims for violations of the California Labor Code, she

21   does not meet the definition of an "aggrieved employee."

22   Accordingly, Jabbar and Khand's motion for summary judgment on

23   Count VII is granted.

24                    2.   Lack of Employment Relationship

25                    a.   FLSA Claims

26       Jabbar and Khand also argue that they are not liable for

27   violations of the FLSA with respect to Plaintiffs Gofron, Mixon and

28                                      23

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Gonzalez, because they were not the "employer" of Gofron, Mixon or Gonzalez.  The FLSA's minimum wage and overtime requirements apply only to "employers."  See 29 U.S.C. §§ 206(a), 207(a)(1).  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

To determine whether an employer/employee relationship exists, the Ninth Circuit applies the "economic reality test" to determine "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Hale v. Arizona, 967 F.2d 1356, 1363 (9th Cir. 1992).  Applying the economic reality test, other circuits have held that "[t]o be personally liable, [a corporate] officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986).

Plaintiffs' default admissions establish that Jabbar and Khand failed three of the four prongs of the economic reality test.  Jabbar and Khand did not act "directly or indirectly in the interest of [PTI] with respect to" Gofron, Mixon or Gonzalez.  Molen MSJ Dec., Ex. A, RFA Nos. 27-28; Ex. B, RFA Nos. 28-29; Ex. C, RFA Nos. 24-25.  Nor did Jabbar and Khand supervise or control the work schedules, salary or employment conditions of Gofron, Mixon and Gonzalez.  Id., Ex. A, RFA Nos. 30-35; Ex. B, RFA Nos. 31-36; Ex. C, RFA Nos. 27-32.  In addition, Jabbar and Khand did not maintain PTI's employment records.  Khand Dec. ¶ 5; Jabbar Dec.

24

¶ 5.  Finally, Jabbar and Khand were not involved in PTI's day-to-day operations.  Molen MSJ Dec., Ex. A, RFA Nos. 36-37; Ex. B, RFA Nos. 37-38; Ex. C, RFA Nos. 33-34.  Therefore, applying the economic reality test, Gofron, Mixon and Gonzalez were not employees of Jabbar and Khand.

Plaintiffs are precluded by their default admissions from introducing any facts to the contrary.  Even if Plaintiffs could prove, as they have suggested, that Jabbar and Khand were "intimately involved" with PTI, they would have to avoid the effect of their default admissions.  Plaintiffs have not suggested any material facts showing that Gofron, Mixon or Gonzalez were employees of Jabbar and Khand.  Accordingly, Jabbar and Khand are entitled to summary judgment on Gofron, Mixon and Gonzalez' FLSA claims on the additional ground that they were not Gofron, Mixon and Gonzalez' employer.

b.   California Labor Code Claims

Similarly, Jabbar and Khand argue that they are not liable for alleged violations of the California Labor Code because they were not Gonzalez' employer.  California law defines an employer as any person "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."  Cal. Code Regs. tit. 8, § 11090(2)(F).  As discussed above, Gonzalez' default admissions establish that Jabbar and Khand did not have control over Gonzalez' wages, hours, or working conditions.  Accordingly, Jabbar and Khand are entitled to summary judgment on Counts III-VI on the additional ground that they were not Gonzalez' employer.

United States District Court
For the Northern District of California

C.   Motion to Dismiss Pendent State Law Claims

Jabbar and Khand move to dismiss Plaintiffs' remaining pendent state law claims on the grounds that Plaintiffs' FLSA claim is the sole basis for federal jurisdiction in this case.  Pursuant to 28 U.S.C. § 1367(c)(3), if a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action.  28 U.S.C. § 1367(c)(3); see Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, fairness, convenience, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991).  The dismissal of supplemental state law claims may be justified if the case is at an early stage, see id. at 994, or a parallel case is pending in state court, see Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1256-57 (6th Cir. 1996).

Jabbar and Khand argue that the interests of convenience and judicial economy support the Court's ruling on the statutory state law causes of action raised by their motion for summary judgment, but dismissing Plaintiffs' remaining state law claims, Counts II and VIII-XI "so that they may proceed in state court."  However,

the parties indicate that Plaintiffs do not have any actions currently pending in state court.  Jabbar and Khand also do not suggest that this litigation, having reached the deadlines for discovery and case-dispositive motions, is at an early stage. Because this case is set for trial on September 26, 2011, convenience and judicial economy favor the resolution of these claims in this Court.  Accordingly, the Court will continue to exercise its jurisdiction over Plaintiffs' remaining pendent state law claims.  Jabbar and Khand's motion to dismiss the remaining pendent state law claims is denied.

CONCLUSION

For the foregoing reasons, (1) Picsel Group's unopposed motion to dismiss is GRANTED (Docket No. 79); (2) Picsel Holdings' motion to dismiss is GRANTED (Docket No. 76); (3) Plaintiffs' motion for an extension of time to file an opposition to Jabbar and Khand's motion for summary judgment is DENIED (Docket No. 84); (4) Jabbar and Khand's motion for partial summary judgment is GRANTED (Docket No. 81); and (5) Jabbar and Khand's motion to dismiss the remaining pendent state law claims is DENIED (Docket No. 81).

IT IS SO ORDERED.

Dated: 7/25/2011

CLAUDIA WILKEN
United States District Judge